```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RONNIE CEBALLOS,

                Petitioner           :    06-cr-0564 (JSR) (KNF)
        -v-                          :    16-cv-4339 (JSR) (KNF)
                                     :
                                     :    ORDER
UNITED STATES OF AMERICA,            :
                                     :
                Respondent.          :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On April 4, 2018, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") in the above-captioned matter recommending that Ronnie Ceballos' petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be denied. Ceballos filed an objection to the Report, dated April 18, 2018. Accordingly, the Court has considered the underlying motion and Ceballos' objections de novo.

Having done so, the Court finds itself in agreement with Magistrate Judge Fox that Ceballos' petition should be denied. Ceballos alleges that his sentence was imposed in violation of due process of law because the Court found him to be a career offender on the ground that he had three convictions for a "crime of violence" under the so-called "residual clause" of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2), which is "materially indistinguishable" from the residual clause of the Armed Career Criminal Act that the Supreme Court invalidated as

1

unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015).

Ceballos' argument is foreclosed by the Supreme Court's recent decision in Beckles v. United States, which held that the Guidelines "are not subject to vagueness challenges under the Due Process Clause" because they are advisory. 137 S. Ct. 886, 892 (2017). Ceballos argues that Beckles does not preclude his argument since the Guidelines were not "fully advisory" in the Second Circuit at the time of his sentencing: sentencing courts were then entitled to sentence outside the Guidelines range based on case-specific facts but not a policy disagreement with the Sentencing Guidelines. See ECF No. 21 at 7. However, this is a distinction without a difference under Beckles. Just like the Guidelines today, the Guidelines at the time of Ceballos' sentencing did not "implicate the twin concerns underlying vagueness doctrine" - "providing notice and preventing arbitrary enforcement" - because they did "not fix the permissible range of sentences," instead merely "guid[ing] the exercise of [the] court's discretion in choosing an appropriate sentence." Beckles, 137 S. Ct. at 892, 894-95.

Therefore, the Court hereby adopts Magistrate Judge Fox's Report by reference. The Clerk is directed to close the entry at docket number 12 in case number 06-cr-0564.

SO ORDERED.

Dated: New York, NY
~~April~~ 5/2 2018

JED S. RAKOFF, U.S.D.J.

2